IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN D. PRICE,<br><br>                Plaintiff,<br><br>vs.<br><br>BRIAN JARETT, and UNION PACIFIC RAILROAD COMPANY,<br><br>                Defendants. | 8:15CV200<br><br>ORDER |

      This matter is before the Court on Defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Quash Notice of Deposition of Kathleen Hughes (Filing No. 59) and Plaintiff Sean Price's Motion to Compel in Camera Review. (Filing No. 61.)

## BACKGROUND

      In this action, Plaintiff alleges that Union Pacific wrongfully terminated his employment. (Filing No. 1.) Plaintiff seeks to depose Union Pacific's in-house counsel, Kathleen Hughes ("Hughes"). Plaintiff contends that Hughes was part of a business committee that was tasked with deciding whether Plaintiff's employment with Union Pacific should be terminated. Plaintiff maintains that Hughes acted as a business decision-maker in connection with Plaintiff's termination, and that her communications in that context are not protected by the attorney-client or work-product privileges. Plaintiff bases this assertion largely upon the deposition testimony of Union Pacific employee, Elizabeth Winkler ("Winkler"). Winkler testified that there was a "panel" that she had to consult before terminating Plaintiff. This panel included Hughes. Winkler testified that the panel would have to come to a "unanimous consensus to move forward on [a] termination." (Filing No. 60-4 at CM/ECF pp. 5-6.)

      Union Pacific contends that any testimony Hughes could provide in this case relates to legal advice she provided to Union Pacific. Union Pacific maintains that the "panel" Winkler referred to in her deposition did not meet as a group to evaluate Plaintiff's termination. Rather,

Winkler requested input from each panel member separately. Union Pacific asserts that Hughes's role in evaluating Plaintiff's termination was solely to review whether there were legal implications of concern for Union Pacific.

## DISCUSSION

The attorney-client privilege only applies to confidential communications made to facilitate legal services, and does not apply where a lawyer acts as a business advisor. United States v. Horvath, 731 F.2d 557, 561 (8th Cir. 1984). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." Neuder v. Battelle Pacific Northwest National Laboratory, 194 F.R.D. 289, 292 (2000). "[C]ommunications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, would not be privileged." Id.

In this case, it is unclear whether Hughes was serving as an attorney or business advisor in connection with Plaintiff's termination. Plaintiff claims that in order for the Court to make an informed decision regarding Hughes's role, the Court needs to conduct an *in camera* review of the first eight emails identified on Union Pacific's privilege log. The Court finds this approach reasonable. By reviewing these limited documents, the Court will be in a better position to ascertain the role Hughes played in Plaintiff's termination. If, as Union Pacific contends, Hughes's participation was limited to rendering legal advice, Plaintiff's requested deposition and document production would likely be improper. Therefore, the reasonable course in fairly evaluating this discovery dispute is for the Court to review the emails as requested by Plaintiff.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Compel in Camera Review (Filing No. 61) is granted.

3

      2.      Union Pacific shall produce the first eight emails listed on its privilege log (Filing No. 48, Ex. A) to the Court under seal for *in camera* review. Union Pacific shall deliver the documents to the chambers of the undersigned magistrate judge no later than April 10, 2017.

      3.      The Court will rule on Union Pacific's Motion to Quash Notice of Deposition of Kathleen Hughes (Filing No. 59) following its review of the documents.

Dated this 4th day of April, 2017.

BY THE COURT:

s/ Susan M. Bazis  
United States Magistrate Judge