IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEAN D. PRICE,

                Plaintiff,

vs.

BRIAN JARETT, and UNION PACIFIC RAILROAD COMPANY,

                Defendants.

**8:15CV200**

**ORDER**

This matter is before the Court on Defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Quash Notice of Deposition Duces Tecum of Kathleen Hughes and for Protective Order (Filing No. 59). For the reasons explained below, the motion will be granted in part, and denied in part.

**BACKGROUND**

In this action, Plaintiff alleges that Union Pacific wrongfully terminated his employment. (Filing No. 1.) Plaintiff seeks to depose Union Pacific's in-house counsel, Kathleen Hughes ("Hughes"). Plaintiff contends that Hughes was part of a committee that was tasked with deciding whether Plaintiff's employment with Union Pacific should be terminated. Plaintiff maintains that Hughes acted as a business decision-maker in connection with Plaintiff's termination, and that her communications in that context are not protected by the attorney-client or work-product privileges. Plaintiff bases this assertion largely upon the deposition testimony of Union Pacific employee, Elizabeth Winkler ("Winkler"). Winkler testified that there was a "panel" that she had to consult before terminating Plaintiff. This panel included Hughes. Winkler testified that the panel would have to come to a "unanimous consensus to move forward on [a] termination." (Filing No. 60-4 at CM/ECF pp. 5-6.)

Union Pacific contends that any testimony Hughes could provide in this case relates to legal advice she provided to Union Pacific. Union Pacific maintains that the "panel" Winkler

referred to in her deposition did not meet as a group to evaluate Plaintiff's termination. Rather, Winkler requested input from each panel member separately. The panel members then reviewed the termination request independently, and provided a response based upon their respective areas of expertise. Union Pacific asserts that Hughes's role in evaluating Plaintiff's termination was solely to review whether there were legal implications of concern for Union Pacific.

Because it was unclear whether Hughes was serving as an attorney or business advisor in connection with Plaintiff's termination, the Court ordered Union Pacific to produce eight emails for *in camera* review.[1] ([Filing No. 68](Filing No. 68).) Union Pacific provided the Court with copies of the documents on April 10, 2017. The Court has now completed its *in camera* review of the emails.

## DISCUSSION

The attorney-client privilege only applies to confidential communications made to facilitate legal services, and does not apply where a lawyer acts as a business advisor. [United States v. Horvath, 731 F.2d 557, 561 (8th Cir. 1984)](United States v. Horvath, 731 F.2d 557, 561 (8th Cir. 1984)). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." [Neuder v. Battelle Pacific Northwest National Laboratory, 194 F.R.D. 289, 292 (2000)](Neuder v. Battelle Pacific Northwest National Laboratory, 194 F.R.D. 289, 292 (2000)). "[C]ommunications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, would not be privileged." *[Id](Id)*. (quotation omitted).

From the emails produced by Union Pacific, it appears that Union Pacific does, in fact, have a "panel," consisting of individuals who have to approve employee termination requests. At least in Plaintiff's case, the approval process was seemingly accomplished through a series of emails, each with the subject line: "Your Legal Assistance Request." Seven of the eight emails produced only deal with the panel's termination approval process and do not appear to directly relate to the rendition of legal advice. Therefore, these documents must be provided to Plaintiff. However, the email dated March 27, 2014 from Winkler to Hughes is clearly related to the solicitation of legal advice, and is protected by the attorney-client privilege.

---

[1] Plaintiff's Notice of Deposition Duces Tecum of Hughes directed that Hughes bring those eight emails with her to her deposition. ([Filing No. 48](Filing No. 48).)

Union Pacific's request for a protective order precluding Plaintiff from deposing Hughes will be denied. Pursuant to Federal Rule of Civil Procedure 26(b)(1), as amended, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." [Fed. R. Civ. P. 26(b)(1)](). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." [Hodges v. Pfizer, Inc., Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016)]() (internal quotation omitted). Nevertheless, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." [Fed. R. Civ. P. 26(b)](). Further, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." [Id](). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." [Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)]().

"A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so." [Raml v. Creighton University, No. 8:08CV419, 2009 WL 3335929, *2 (D. Neb. Oct. 15, 2009)](). *See also* [Hawkins v. County of Lincoln, No. 7:10CV5001, 2012 WL 12884563, *2 (D. Neb. Apr. 5, 2012)]() ("Protective orders prohibiting depositions are rarely granted"); [In re McCorholl Publishing, Inc., 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988)]() ("A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order"). Still, "federal courts have disfavored the practice of taking the deposition of a party's attorney" and have made clear that "the practice should be employed only in limited circumstances." [Desert Orchid Partners, LLC v. Transaction System Architects, Inc., 237 F.R.D. 215, 218 (D. Neb. 2006)]() (quotation omitted).

The problem in this case is that it remains entirely unclear whether Hughes was acting entirely in a legal capacity while serving on the review panel. Frankly, the documents produced by Union Pacific for *in camera* review shed very little light on this issue. It is possible that a

portion of the information held by Hughes could be subject to the attorney-client privilege. It is also possible that the information obtained from Hughes would be cumulative or could be obtained from other sources. However, Winkler's testimony regarding the need for unanimous consent for termination indicates that Winker may have some, non-cumulative, non-privileged factual information relevant to the case.

The Court acknowledges *Shelton v. American Motors Corp*., 805 F.2d 1323 (8th Cir. 1986), and the Eighth Circuit's three-prong test that a party must satisfy in order to depose the opposition's attorney. *Shelton*, 805 F.2d at 1327 (finding that to depose opposing counsel, the party seeking the deposition must show that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case). However, a number of courts have found that *Shelton* does not apply where the lawyer to be deposed acts as a business advisor to the party, rather than its counsel. See *Chesemore v. Alliance Holdings, Inc*., No. 1:11MC43, 2011 WL 4458782 (N.D. Ohio Sept. 23, 2011) (declining to apply *Shelton* to proposed deposition of counsel to the extent that the questioning related to counsel's prior role as transactional counsel); *Wright v. Life Investors Insurance Company of America*, No. 2:08-CV-03-P-A, 2009 WL 4347024, *3 (N.D. Miss. Nov. 24, 2009) (finding that *Shelton* factors were not controlling because the lawyer was serving both business and legal functions). In short, based on the limited information before it, the Court is unable to conclude that Hughes was acting solely in a legal capacity in connection with Plaintiff's termination. Given the uncertainty surrounding the "hat" Hughes was wearing while serving on the panel, the Court finds that an order entirely precluding Hughes's deposition is not warranted in this case.

Plaintiff is admonished, however, to strictly limit the subjects of inquiry to facts relevant to the issues presented in this case. Plaintiff may not inquire into topics or conversations shielded by the attorney-client privilege, and Union Pacific is, of course, free to object to questions based on this privilege.

Accordingly,

IT IS ORDERED:

1. Union Pacific Railroad Company's Motion to Quash Notice of Deposition Duces Tecum of Kathleen Hughes and for Protective Order (Filing No. 59) is granted in part, and denied in part.

2. Union Pacific shall produce, no later than April 28, 2017, the seven emails identified above. The email dated March 27, 2014 from Winkler to Hughes need not be produced.

3. The parties are directed to submit a proposed amended progression order to bazis@ned.uscourts.gov no later than May 1, 2017. The Clerk of Court is directed to set a case management deadline in this case using the following text: "May 1, 2017: Proposed Amended Progression Order Due."

Dated this 21st day of April, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge